AM-PLUS STORAGE BATTERY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11365.    Promulgated April 20, 1928.

*Paul E. Shorb, Esq.*, and *C. L. Todd, Esq.*, for the petitioner.
*Alva C. Baird, Esq.*, for the respondent.

OPINION.

MARQUETTE: The sole question for our determination is whether the compensation paid by the petitioner to Brown and Baracree is

deductible under section 234 (a) (1) of the Revenue Act of 1921, which provides:

Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230, there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered.

The evidence shows that during the taxable year the petitioner's gross sales, less returns and allowances, amounted to $123,774.78; that the cost of goods sold was $65,325.22, leaving as net sales the sum of $58,423.56. Against this sum there appears expenses, not including salaries, amounting to $22,234.01, and the compensation of the two stockholders and officers, Brown and Baracree, amounting to $34,749.76. There are still further deductions for bad debts, depreciation, etc., and as a result the net profits amount to $431.79.

It also appears that the petitioner, at its inception, voted for its two officers, holders of 98 per cent of its stock, compensation as follows: To each a salary of $5,000 per year and also commissions of 10 per cent on all petitioner's business for the year in excess of $2,500.

We are not greatly concerned with the amount of compensation, as such, which a corporation may choose to pay for services. That is a matter which rests in the sound judgment of the corporate directors, and which the Government may not question in the absence of express statutory authority. But we may properly inquire whether such compensation is deductible as " a reasonable allowance for salaries or other compensation for personal services actually rendered " to the petitioner.

Upon consideration of the evidence we are of the opinion that the compensation paid by the petitioner to its two stockholders was more than " a reasonable allowance for salaries or other compensation," for the taxable year. It is true that the petitioner made a contract to pay that rate of compensation. But when we consider that the two men receiving the compensation held 98 per cent of the entire capital stock of the petitioner, and all which that fact implies; when we consider that the compensation so paid them absorbed all the net profits of the taxable year except $431.79, we can not escape the conclusion that the contract for compensation was not one negotiated at arm's length between employer and employee. We think the evidence fairly sustains the conclusion that the compensation paid included a distribution of profits under the cloak of salary and commission, as well as being unreasonably large under the circumstances.

The petitioner cites and relies upon two decisions of this Board, *Archer Paper Co.*, 1 B. T. A. 634, and *George Bernard's Inc.*, 8

B. T. A. 716. In the first case, while we upheld the validity of the company's contract for compensation, the facts of the case and the question in dispute were entirely different from those now before us. In the second case, while some of the facts closely resemble those in the instant proceeding, other facts, notably the relation of salary paid to volume of business done, are so wholly different that the case is not a proper guide for deciding the present one.

The respondent has allowed the petitioner a deduction of all the compensation paid except $9,381.48, which he contends should be classed as profits. This, we think, is not unreasonable and should be sustained.

*Judgment will be entered for the respondent.*